Paul R. GILPIN and Doris J. Gilpin, Husband and Wife, Appellants–Plaintiffs,

v.

IVY TECH STATE COLLEGE, Appellee–Defendant.

No. 49A05–0608–CV–412.

Court of Appeals of Indiana.

April 17, 2007.

Michael A. Minglin, Miller & Minglin, P.C., Indianapolis, IN, Attorney for Appellants.

James W. Roehrdanz, Eric D. Johnson, Kightlinger & Gray, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Paul Gilpin ("Gilpin") and his wife Doris appeal summary judgment in favor of Ivy Tech State College ("Ivy Tech"). Ivy Tech did not encourage, desire, induce, or expect Gilpin or other members of the public at large to use its restroom facilities. Therefore, Gilpin was a licensee when he slipped on gravel and fell in the street while on the way to the restrooms. Gilpin was aware of the gravel before he fell and, consequently, the gravel was not a latent danger about which Ivy Tech should have warned Gilpin.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On July 18, 2003, Gilpin drove his adult son Joseph to the Ivy Tech campus at Meridian Street and Fall Creek Parkway in Indianapolis. He waited in his van while his son went into a campus building. When Joseph returned to the vehicle after registering for classes, Gilpin asked his son to show him the way to the restrooms in the main building. They walked from the parking lot to a sidewalk and down the sidewalk to a crosswalk. Loose gravel from nearby landscaping was on the sidewalk. After waiting for the traffic to pass, Gilpin stepped off the sidewalk with his

left foot to cross 26th Street.[1] As he did, his right foot slipped on some gravel on the sidewalk. He fell into the street and suffered a severe injury to his left arm.

Gilpin sued Ivy Tech, alleging negligence.[2] Ivy Tech moved for summary judgment. After a hearing, the trial court granted judgment for Ivy Tech.

### DISCUSSION AND DECISION

When reviewing the grant of summary judgment, we apply the same standard the trial court does. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 613 (Ind.Ct. App.2000), *trans. denied* 753 N.E.2d 8 (Ind.2001). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence; rather, we consider the facts in the light most favorable to the nonmovant. *Rogier,* 734 N.E.2d at 613.

The tort of negligence is composed of three elements: "(1) a duty owed by the defendant to conform its conduct to a standard of care necessitated by its relationship with the [plaintiff]; (2) a breach of that duty; and (3) an injury proximately caused by the breach." *McCormick v. State,* 673 N.E.2d 829, 837 (Ind.Ct.App. 1996). Summary judgment is rarely appropriate in negligence actions. *Id.* at 832. However, issues of duty are questions of law for the court and may be appropriate for disposition by summary judgment. *Id.*

#### 1. *Gilpin's Visitor Status*

A person entering the land of another comes onto the land as an invitee, a licensee, or a trespasser. *Rhoades v. Heritage Investments, LLC,* 839 N.E.2d

788, 791 (Ind.Ct.App.2005), *reh'g denied,* *trans. denied* 860 N.E.2d 584 (Ind.2006). The person's status on the land defines the nature of the duty the landowner owes to the visitor. *Id.*

> A landowner owes the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while he is on the premises. Landowners owe a licensee the duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril. This includes the duty to warn a licensee of any latent danger on the premises of which the landowner has knowledge. Finally, the duty owed to a trespasser is the duty to merely refrain from wantonly or willfully injuring him after discovering his presence.

*Id.* (internal citations omitted). Thus, the first step in resolving a premises liability case is to determine the plaintiff's visitor status. *Id.* The visitor status then defines the duty owed from the landowner to the visitor. *Id.* "A person's status on the land, along with the duty owed, is a matter left for determination by the trial court, not the jury." *Id.*

Our Indiana Supreme Court reviewed premises liability in *Burrell v. Meads,* 569 N.E.2d 637 (Ind.1991), *reh'g denied.* The *Burrell* Court announced "three categories of individuals entitled to invitee status when on a landowner's property: the public invitee, the business visitor, and the social guest." *Rhoades,* 839 N.E.2d at 791 (citing *Burrell).*

Gilpin argues Ivy Tech owed him "the highest duty of care" because he was a public invitee. (Br. of Appellants at 5.) He asserts:

---

**1.** The parties do not address whether Ivy Tech has a duty to maintain the sidewalk in question.

**2.** Doris presented derivative claims for loss of consortium and loss of companionship.

A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. *Burrell* [569 N.E.2d at 642]. A public state college is open to members of the public for purposes that would include a parent bringing a son or daughter to class or for registration and it would be foreseeable that such purpose would include a member of the public using its public restroom facilities.

(*Id.*)

■■■■ In contrast, a licensee is one who enters the land of another for "his own convenience, curiosity, or entertainment." *Rhoades*, 839 N.E.2d at 791. Licensees "take the premises as they find them [and] have a privilege to enter or remain on the land by virtue of the landowner's or occupier's permission or sufferance." *Id.*

Ivy Tech asserts Gilpin was a licensee because "his presence in the area where the gravel was located had nothing to do with [Ivy Tech's] activities." (Br. of Appellee at 10.) It argues:

The evidence does not support an inference that [Gilpin] was a public invitee. He did not enter [Ivy Tech's] premises for the purpose for which those premises are held open to the public, i.e., the purpose of providing an education. He did not enter the premises to examine the premises for purposes of determining whether his son should attend classes at [Ivy Tech]. His only reason for entering was to use a restroom. The evidence does not support any inference

that [Ivy Tech] was held open to the public for the purpose of providing the public with restrooms.

(*Id.* at 11.) We agree with Ivy Tech.

■■■■ "[A]n invitee is a person who is invited to enter or to remain on another's land whereas a licensee is privileged to enter or remain on the land by virtue of permission or sufferance." *Rhoades*, 839 N.E.2d at 792. In *Rhoades*, we noted the difference between the two classes depends on the distinction between an invitation and mere permission. "We concluded that the decisive factor with regard to whether the possessor had extended an 'invitation' or 'permission' is the interpretation that a reasonable man would put upon the possessor's words and actions given all of the surrounding circumstances." *Id.*

Construing the evidence in the light most favorable to Gilpin, no reasonable person could conclude Ivy Tech extended an invitation to Gilpin to use its public restrooms under these circumstances. There is no evidence Ivy Tech encouraged, desired, induced, or expected Gilpin or other members of the public at large to use its restrooms. Gilpin was not planning to pursue his own educational objectives. Gilpin's son Joseph had concluded his business with Ivy Tech for the day.[3] There is no evidence Gilpin was entering the building to speak with Ivy Tech personnel on his son's behalf or to provide advice to his son regarding his educational opportunities at Ivy Tech.[4] Assuming *arguendo* Joseph was an invitee because he had business with Ivy Tech, we will not extend

---

**3.** Because Joseph had concluded his business with Ivy Tech for the day, he also might have been a mere licensee. *See Robillard v. Tillotson*, 118 Vt. 294, 108 A.2d 524, 527–28, (1954) (an invitee may become a licensee if he remains on the premises beyond a reasonable time after his invitation has expired).

**4.** We leave for another day the question whether a parent thus assisting a child would be an invitee or a licensee.

Joseph's invitee status to Gilpin merely because Joseph was showing him the way to the restroom. *See Rhoades,* 839 N.E.2d at 793–94 (driver who accompanied invitee-friend into building was licensee, not invitee, of owner); *Robillard v. Tillotson,* 118 Vt. 294, 108 A.2d 524, 528 (1954) ("One on premises by invitation of a licensee has no greater rights than a licensee.").

We conclude Gilpin was a licensee.

### 2. *Standard of Care*

Landowners owe a licensee the duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril. *Rhoades,* 839 N.E.2d at 791. "This includes the duty to warn a licensee of any latent danger on the premises of which the landowner has knowledge." *Id.* "Latent" is defined as concealed or dormant. Black's Law Dictionary 887 (7th ed.1999).

Gilpin does not allege Ivy Tech acted willfully or wantonly to injure him. Rather, he contends Ivy Tech was negligent because it failed to warn him "of the danger presented by the presence of the loose gravel on [its] sidewalks, parking lot and handicap parking spaces[.]" (App. at 4.)

Gilpin was aware of the gravel on the sidewalk before he fell. He walked on the gravel over the length of the sidewalk. He was standing on gravel for ten to fifteen seconds before stepping off the curb. Because Gilpin was aware of the gravel, the gravel cannot be considered a latent danger about which Ivy Tech had a duty to warn him.

### CONCLUSION

Gilpin was a licensee, not an invitee, of Ivy Tech. Because the gravel was not a latent danger, Ivy Tech had no duty to warn Gilpin about it. Accordingly, we affirm.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.